WYOMING DISCOUNT CORPORATION,
Appellant (Plaintiff below),

v.

Leroy F. HARRIS, Appellee
(Defendant below).

No. 3233.

Supreme Court of Wyoming.

Dec. 31, 1964.

Boyer & Svilar, W. Randall Boyer, Lander, for appellant.

No appearance for appellee.

Before PARKER, C. J., and HARNSBERGER and GRAY, JJ.

PER CURIAM.

Plaintiff sued defendant for principal and interest on a note, alleging defendant to have been under the age of twenty-one at the time of signing the instrument and having knowingly made a false statement as to his age with intention to deceive. After trial before the court without a jury, judgment was entered finding generally for defendant and against plaintiff; this appeal has resulted.

It is asserted by the appellant that the court made an oral statement that defendant had represented his age to be twenty-one and that the plaintiff did not rely on defendant's representation of full age in giving the loan complained of, however, no such findings are included in the record. It is unquestioned and stipulated that the defendant was only sixteen years of age at the time that he made application for the loan of some three hundred and thirty dollars with which to complete payment on an automobile.

We find no merit in the only contention of the appellant, that there was no substantial evidence in the record to support the judgment. Plaintiff's representative, who made out the loan application, testified that defendant in response to his question concerning age answered that he was twenty-one and that the lender relied on the age representation in making the loan. However, the defendant testified that at the time of the application for loan there was no conversation concerning his age. He said further that his birth date was not asked and that he did not see, and was not asked to sign, the application for loan which erroneously listed his birth date.

The trier of fact was the sole judge of the credibility of the witnesses and entitled to give conflicting testimony such weight as was deemed proper. There was substantial evidence to warrant the judgment.

Affirmed.

McINTYRE, J., not participating.